UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHERN INSURANCE COMPANY OF NEW YORK,

           **Plaintiff,**

-vs-

H. RITANI CORP. and BRIAN WALKER,

           **Defendants.**

Civil Action No.

COMPLAINT

    Plaintiff, Northern Insurance Company of New York, by and through its attorneys, Costello, Cooney & Fearon, PLLC, for its complaint against Defendants H. Ritani Corp. and Brian Walker alleges and shows the Court the following:

    1.    This is an action by Plaintiff for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and F.R.C.P. 57, as to the relative rights, liabilities and obligations, if any, of Plaintiff and Defendants, under a Master Mariner Yacht policy (number YT 55627591) (hereinafter referred to as the "Policy") issued by Plaintiff to Defendant H. Ritani Corp. (hereinafter referred to as "Ritani"). Relevant excerpts of said Policy are attached hereto and made a part hereof as Exhibit "A". A copy of the Policy Declarations is attached hereto and made a part hereof as Exhibit "B".

## PARTIES AND JURISDICTION

2. Plaintiff, Northern Insurance Company of New York, is an insurance company organized under the laws of the State of New York with its home office located in New York and its principal place of business in Illinois, and is the issuer of the Policy.

3. On information and belief, Defendant H. Ritani Corp. is a corporation incorporated in the State of New York with its principal place of business in the State of New York.

4. On information and belief, Defendant Brian Walker was a resident of the County of Queens, State of New York on July 3, 2003 and is currently a resident of New Jersey.

5. On information and belief, defendant Brian Walker was an officer of the Ritani Corp. on July 3, 2003.

6. This action arises out of a contract of marine insurance. Accordingly, this matter is within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333(1).

## BACKGROUND

7. Plaintiff issued to Defendant Ritani a Master Mariner Yacht policy number YT 55627591, incorporated herein by reference.

8. The Policy was issued by Plaintiff to Defendant Ritani for the period March 13, 2003 to March 13, 2004.

9. Such Policy covered the insured in any suit seeking damages for bodily injury or property damage claims to which the insurance applies, subject to all the terms and conditions of the Policy.

10. On information and belief, Defendant Ritani, via its principal, Harout Aghjayan, transported the insured boat to Florida sometime before July 3, 2003.

11. On information and belief, in July 2003, Defendant Brian Walker was a passenger in the insured boat riding on the Atlantic Ocean off the coast of Fort Lauderdale, Florida.

12. On information and belief, while in navigable waters near Fort Lauderdale, Florida, the insured boat was involved in an accident and Defendant Brian Walker allegedly sustained injuries.

13. On or about December 30, 2004, Defendant Brian Walker filed a suit in the Supreme Court, State of New York, New York County, arising out of the aforesaid circumstances. The action is entitled, *Brian Walker v. Ritani Corp.*, Index No. 118313/04 (the "underlying suit"). A copy of the Summons and Verified Complaint in such underlying suit is attached hereto and made a part hereof as Exhibit "C".

14. By correspondence dated January 21, 2005, Plaintiff disclaimed coverage for the previously described loss.

## COUNT I

15. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "14" hereof.

16. Coverage E of the Policy provides:

> We will pay damages caused by an **occurrence** to which this coverage applies, for which **the insured** shall become legally obligated to pay arising out of the ownership, maintenance, or use of the **insured yacht** or **nonowned yacht** resulting in:
>
> 1. bodily injury; or
> 2. property damage; or
> 3. pollution.

(See Exhibit "A", Policy, p. 11, emphasis in original.)

17. However, the scope of such coverage is limited by paragraph 4 of the general conditions which provides:

> The policy provides coverage when the **insured yacht** is being used, stored ashore or navigated within navigation limits specified on the Declarations Page. There is no coverage under this policy if the **insured yacht** is being used, stored ashore or navigated outside the navigation limits specified on the Declarations Page.

(See Exhibit "A", Policy, p. 15, emphasis in original.)

18. The Declarations Page of the subject Policy includes the following Navigating Limits: "U.S. ATLANTIC COASTWISE AND INLAND WATERS BETWEEN EASTPORT, MAINE AND CAPE MAY, NEW JERSEY." (See Exhibit "B".)

19. On information and belief, the subject accident occurred in navigable waters near Fort Lauderdale, Florida, well outside the above-referenced Navigating Limits.

20. Accordingly, the subject accident does not fall within the coverage of the Policy because it was outside the Navigating Limits and, therefore, Plaintiff has no duty to defend or indemnify Defendant Ritani in the underlying suit pursuant to the Policy issued to Defendant Ritani.

## COUNT II

21. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "20" hereof.

22. "Insured" is defined in the policy to mean:

> a) with respect to the insured yacht:
> 1) you, and any family member; and
> 2) any other person, firm, corporation, or legal entity using the insured yacht with your permission and without any form of consideration.

(See Exhibit "A", Policy, p. 3).

23. Coverage E of the policy provides as follows:

"We do not cover . . .
5. bodily injury to any officer, director, partner, or shareholder of any insured.

(See Exhibit "A", Policy, p. 13.)

24. Upon information and belief, Defendant Brian Walker, the alleged injured party in the underlying personal injury action was an officer of defendant Ritani Corporation at the time of his alleged injury.

25. Because defendant Walker was an officer of defendant Ritani Corporation, the insured, plaintiff has no duty to defend and indemnify defendant Ritani Corporation in the underlying suit pursuant to the Policy issued.

## **COUNT III**

26. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" hereof.

27. Defendant Ritani Corporation, in applying for the Policy, materially misrepresented and/or concealed the location of where the insured boat was operating and would be operated.

28. Plaintiff relied on Defendant Ritani Corporation's misrepresentations and/or omissions regarding the location of where the insured boat was operated and would be operated.

29. Accordingly, because of the misrepresentation and concealment by defendant Ritani Corporation and pursuant to the Policy issued, plaintiff has no duty to defend and indemnify Ritani Corporation in the underlying suit pursuant to the insurance policy issued.

## RESERVATION OF RIGHTS

30.     Plaintiff reserves the right to raise such additional claims that may be appropriate upon further investigation and discovery.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Northern Insurance Company of New York prays for judgment:

(a)     declaring that Plaintiff's Master Mariner Yacht policy number YT 55627591 does not furnish insurance coverage to Defendant H. Ritani Corp. with reference to the lawsuit pending in the Supreme Court for the State of New York, County of New York, (Index No. 118313/04, entitled *Brian Walker v. Ritani Corp.*);

(b)     declaring that Plaintiff, Northern Insurance Company of New York, is not required to defend or indemnify Defendant H. Ritani Corp. in the underlying suit;

(c)     declaring that no other party hereto has any interest in said policies of insurance surviving the Court's determination that no coverage exists under the policy of insurance; and

(d)     providing such other and further relief as the Court deems just and proper.

**DATED:**     **April 18, 2005**     */s/Nicole M. Marlow*
**NICOLE M. MARLOW**
**Attorney Bar Roll No.: NM5029**
**Attorney for the Plaintiff**
**Costello, Cooney & Fearon, PLLC**
**205 South Salina Street**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**
**Facsimile: (315) 422-1139**
**E-Mail: nmm@ccf-law.com**